IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JOHN SANDERS,
        Petitioner,

v.                                                           **Criminal Action No.: 3:15-CR-49**
                                                             **Civil Action No.: 3:17-CV-72**
                                                                        **(GROH)**

UNITED STATES OF AMERICA,
        Respondent.

### REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 19, 2017, the *pro se* Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. 3:17-CV-72, ECF No. 1; 3:15-CR-49, ECF No. 23[1]. Petitioner is a federal inmate currently housed at Elkton FCI in Lisbon, Ohio, who is challenging the validity of his conviction and sentence. This matter is pending before this Court for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure 2.

### II. FACTUAL AND PROCEDURAL HISTORY

On April 7, 2015, Petitioner and a co-defendant were indicted in criminal action number 3:15-CR-18. Both co-defendants were charged with aiding and abetting distribution of heroin resulting in death or serious bodily injury. 3:15-CR-18, ECF No. 1. The facts underlying the charge were that on or about June 20, 2014, Petitioner and the decedent, Joshua Welch, jointly purchased heroin from Sanders' supplier in Pennsylvania

---

[1] Hereafter, all ECF numbers shall refer to documents in the criminal case, 3:15-CR-49, unless otherwise noted.

and returned to West Virginia where both Sanders and Welch used the heroin. ECF No. 19 at 5, ¶ 15 – 6, ¶ 26. On June 21, 2014, Welch died as a result of overdosing on the heroin purchased with Sanders. Id. at 6, ¶ 27 – 7, ¶ 40.

On November 23, 2015, Petitioner was charged by information in the instant case with one count of aiding and abetting the distribution of heroin. ECF No. 1. On November 30, 2015, Petitioner waived his right to indictment, waived his right to enter his plea before an Article III judge, and entered his consent to enter his guilty plea before the United States Magistrate Judge. ECF Nos. 5, 8, 41. On that date, pursuant to a written plea agreement, Petitioner entered his guilty plea to the information. ECF Nos. 6, 10, 41.

Pursuant to the terms of the plea agreement, the United States recommended that the indictment in 3:15-CR-18 be dismissed at sentencing. ECF Nos. 6 at 2, ¶ 6, 41 at 14. Additionally, Petitioner agreed to be bound to the plea terms without the right to withdraw his plea, provided that the Court imposed a sentence of 120 months. ECF No. 6 at 2, ¶ 3. Petitioner also agreed to waive his right to appeal his conviction and sentence and his right to challenge the conviction and sentence in any post-conviction proceeding under 28 U.S.C. § 2255. ECF No. 6 at 4, ¶ 11; 41 at 15:15 – 25, 17:21 – 20:25, 34:1 – 36:7.

A Presentence Investigation Report ("PSIR") prepared by the Probation Department made a number of findings, including that: (1) the toxicology report from the decedent's autopsy showed that he had ethanol, morphine and codeine in his blood, and cocaine, 6-monoacetylmorphine, morphine, acetylcodeine and codeine in his urine [ECF No. 19 at 8, ¶ 48]; (2) based on Petitioner's total offense level of 10 and criminal history category of III, the guideline imprisonment range was 10 to 16 months [Id. at 21, ¶ 118];

(3) pursuant to Rule 11(c)(1)(C)[2] of the Federal Rules of Criminal Procedure, the parties agreed that the appropriate sentence was 120 months [Id. at ¶ 119]; and (4) a conviction for the single count indictment "3:15-CR-18 would carry a penalty of 20 years to life imprisonment." [Id. at 22, ¶ 121]; two provisions of the Guidelines, §§ 5K2.0(a)(1)(A), Grounds for Departure, and 5K2.1, Death, established grounds to support an upward departure from the applicable guidelines range to 120 months, however, "[b]ecause the defendant's offense of conviction did not establish that a death resulted from the use of the substance, the resulting death was not a factor in the guideline calculations." [Id. at 23, ¶ 135]. Petitioner did not object to the PSIR. ECF No. 19 at 31.

On June 23, 2016, Petitioner was sentenced to imprisonment for 120 months, followed by three years of supervised release. ECF No. 20 at 2 – 3. On that same date, consistent with the plea agreement, the indictment in 3:15-CR-18 was dismissed as to Petitioner. 3:15-CR-18, ECF No. 152.

Petitioner did not appeal his conviction. On June 19, 2017, Petitioner filed the instant motion to vacate his conviction under 28 U.S.C. § 2255. ECF No. 23. Therein he asserts two claims for relief, both of which are framed as matters of ineffective assistance of counsel: (1) that his counsel was ineffective when he "ha[d] me sign a plea waiver, not allowing me to appeal my sentence/conviction" [ECF 23 at 5]; and (2) that his counsel was ineffective for allowing Petitioner to be sentenced for more than the "base level of 10-18 months." [ECF 23 at 6]. Petitioner requests that the Court: (1) vacate his sentence; and (2)

---

[2] Fed. R. Crim. P. 11 (c)(1)(C) provides: An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

remand for resentencing based on the drug quantity offense level.  ECF No. 23 at 13.

On June 27, 2018, Respondent filed an Answer which argues that counsel was not ineffective because "[c]ounsel made a strategic choice when he advised Petitioner to plead guilty pursuant to a plea agreement with a binding sentence of 120 months . . . [thereby] reduc[ing] Petitioner's mandatory minimum exposure by half."  ECF No. 42 at 4.

### III. LEGAL STANDARD

#### A.      Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.      Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Motions made Pursuant to 28 U.S.C. § 2255.

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding.  To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

The Supreme Court of the United States has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).  Petitioners are limited in the issues which may be addressed in cases brought pursuant to § 2255.  Petitioners who fail to raise issues on direct appeal or who raise issues on direct appeal which are decided there, are both precluded from addressing

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

those same issues in § 2255 proceedings. "Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477, n.10, (1976) (emphasis in original) (citing Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.") (Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0) (2006-2007) (emphasis in original) (internal citations omitted). Similarly, the Supreme Court has long held the general rule that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).

A constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a § 2255 motion, unless it passes a two part-test which requires the movant to show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. (citing Bousley, 523 U.S. at 621-22); Frady, 456 U.S. at 167-68.

The Supreme Court has recognized that it has not strictly defined "cause" because of "the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural default can occur." Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The Supreme Court explained that, "[u]nderlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel." Id. (Citing Wainwright v. Sykes,

supra, at 91, and n. 14; Henry v. Mississippi, 379 U.S. 443, 451 (1965)).  To establish "actual prejudice," contemplated in the first prong, the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

To demonstrate a miscarriage of justice, as contemplated in the second prong, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."  Bousley, 523 U.S. at 623.

And it is also, "well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  Mabry v. Johnson, 467 U.S. 504, 508 (1984); Bousley v. United States, 523 U.S. 614, 621 (1998).

## IV.   ANALYSIS

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. Haines v. Kerner, supra.  However, even under this less stringent standard, Petitioner's motion to vacate should be denied.  Petitioner's motion to vacate fails because he is unable to meet the requirements of 28 U.S.C. § 2255 which requires proof that: (1) his conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized

by law; or (4) the sentence was otherwise subject to collateral attack.

Petitioner waived his right to appeal or collaterally attack his conviction and sentence on all grounds except for allegations of ineffective assistance of counsel or prosecutorial misconduct. Petitioner makes two claims that he was denied effective assistance of counsel.

Claims of ineffective assistance of counsel are governed by the two-part analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984), which requires that Petitioner show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. As discussed more fully below, Petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness, but even if he had done so, Petitioner has further failed to demonstrate that the result of the proceeding would have been different as a result of such alleged error.

The Supreme Court in Strickland recognized that, "[j]udicial scrutiny of counsel's performance must be highly deferential," and that courts should also "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 689, 690. "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d

216, 220 (4th Cir. 2005). Thus, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner has made no showing that his counsel's performance fell below an objective standard of reasonableness in relation to either his plea negotiations and plea entry or in regard to counsel's agreement to a sentence greater than that recommended by the drug quantity tables. Furthermore, even if counsel's actions were deemed to fall below an objective standard of reasonableness, Petitioner is unable to demonstrate that the result would have been different. Accordingly, Petitioner's allegation of ineffective assistance of counsel is without merit.

**A. Petitioner's sentence was not imposed in violation of the laws or Constitution of the United States.**

Following his guilty plea to aiding and abetting the distribution of heroin, Petitioner was sentenced to 120 months of imprisonment on June 23, 2016. ECF No. 20. The sentence imposed was the term agreed upon by the parties in the plea agreement filed with the Court [ECF No. 6], and was authorized by the controlling statutes, 21 U.S.C. § 842(b)(1)(C)[4] and 18 U.S.C. § 2[5].

---

[4] 21 U.S.C. § 841(b)(1)(C) provides in its entirety:

In the case of a controlled substance in schedule I or II, gamma hydroxybutyric acid (including when scheduled as an approved drug product for purposes of section 3(a)(1)(B) of the Hillory J. Farias and Samantha Reid Date-Rape Drug Prohibition Act of 2000), or 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life, a fine not to exceed the greater of that authorized in accordance with the

Petitioner's first claim for relief asserts that his counsel was ineffective for failing for permitting him to waive his appellate rights.  However, Petitioner is unable to meet the two-prong <u>Strickland</u> test to demonstrate that his counsel was ineffective on that ground.  Petitioner's counsel negotiated a plea agreement that reduced Petitioner's mandatory minimum sentence from twenty years under the indictment, which charged Petitioner with distribution of heroin causing death, to ten years under the information, which merely charged Petitioner with aiding and abetting the distribution of heroin.  Accordingly, his counsel's performance regarding plea negotiations did not fall below an objective standard of reasonableness.  Moreover, there was no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.

Petitioner's co-defendant under the indictment, Lateef Fisher, proceeded to trial, was convicted of aiding and abetting the distribution of heroin, and the jury further found

---

provisions of Title 18 or $1,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18 or $2,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both. Notwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under the provisions of this subparagraph which provide for a mandatory term of imprisonment if death or serious bodily injury results, nor shall a person so sentenced be eligible for parole during the term of such a sentence.

[5]  18 U.S.C.A. § 2 provides in its entirety:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

that death or bodily injury resulted from the use of the heroin distributed.  3:15-CR-18, ECF No. 139.  Thereafter, Fisher was sentenced to 360 months of imprisonment, his conviction and sentence were affirmed by the Fourth Circuit, and the Supreme Court denied certiorari.  3:15-CR-18, ECF Nos. 167, 169, 181, 188.  When considering that Petitioner's co-defendant was convicted of the more serious offense charged in the indictment[6], and that his co-defendant's sentence was three times that of Petitioner's, counsel's strategic decision to recommend a plea to a ten year sentence appears eminently reasonable.  Accordingly, there was no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.  Moreover, even if the result of the proceeding were different, that result would likely have been much less favorable than the ten year sentence which Petitioner contests.

Petitioner's second claim for relief asserts that his counsel was ineffective for permitting him to be sentenced to 120 months, instead of a "base level of 10-18 months". ECF No. 23 at 6.  Again, Petitioner is unable to meet the two-prong <u>Strickland</u> test to demonstrate that his counsel was ineffective on that ground.  Petitioner's counsel negotiated a plea agreement to a lesser included offense of aiding and abetting the distribution of heroin, by way of information, instead of distribution of heroin causing death, as charged in the indictment.  It appears that the Government agreed to such a reduction in exchange for a mutually agreed upon term of incarceration of 120 months under the information, rather than a mandatory minimum sentence of 240 months under the indictment.  Such a reduction in potential prison time, demonstrates that counsel's

---

[6] Although Petitioner pled to an information charging him with aiding and abetting the distribution of heroin, he was indicted along with his co-defendant, with aiding and abetting the distribution of heroin resulting in death or serious bodily injury.  The charge contained in the indictment was dismissed as to the Petitioner pursuant to the plea agreement.

11

performance regarding the negotiated sentence did not fall below an objective standard of reasonableness. Moreover, there was no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. However, even if the results had been different, it appears likely, based on the conviction and sentence of Petitioner's co-defendant, that the result would have been less favorable to the Petitioner, with a potential sentence of two or three times the length of the sentence imposed.

### B. The Court which imposed Petitioner's sentence properly exercised jurisdiction.

Petitioner was charged with being an aider and abettor in a controlled substance offense in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841. ECF No. 53. He entered a plea of guilty to the single-count information which charged:

> On or about June 20, 2014, at or near Martinsburg, Berkeley County, West Virginia, within the Northern District of West Virginia, defendant JOHN SANDERS, and a person known to the United States Attorney, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority distribute a quantity of heroin, a Schedule I narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule I(b)(10), in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

ECF No. 1. That matter was properly before the District Court for the Northern District of West Virginia. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Petitioner is unable to demonstrate that the District Court which imposed his sentence was without jurisdiction to do so, and accordingly, in that regard his claim fails.

### C. Petitioner's Sentence Did Not Exceed the Maximum Authorized by Law

The crime to which Petitioner entered a guilty plea was a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The penalty in Section 841(b)(1)(C) in its pertinent part provides that when an individual is convicted of a Schedule I or II controlled substance, "such a person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life." The sentence increases if a person "commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment." 21 U.S.C. § 841(b)(1)(C).

Petitioner was sentenced to 120 months, or 10 years of imprisonment, the exact period agreed upon by the parties in the plea agreement to the information. ECF No. 6. Pursuant to the statute, absent such Petitioner's plea agreement to the information which charged a lesser included offense of that charged in the indictment, Petitioner would, at a minimum, have faced up to 20 years of imprisonment under the indictment. Based on the plea agreement negotiated by his counsel, Petitioner reduced his prison exposure by half, and was sentenced to only one third the length of time of his co-defendant who proceeded to trial on the charge contained in the indictment. Because Petitioner's sentence under the information did not exceed the maximum authorized by law, he is not entitled to relief pursuant to his motion to vacate under 28 U.S.C. § 2255 on this ground.

**D.     Petitioner's Sentence Was Not Otherwise Subject to Collateral Attack.**

Petitioner's sentence was not otherwise subject to collateral attack because: (1) he waived his right to collaterally attack his conviction and sentence; and (2) his counsel was not ineffective.

### 1.    Waiver of Collateral Attack Rights

In paragraph 11 of the plea agreement, Petitioner agreed to waive his right:

> a. To appeal any order, the conviction and the sentence or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742.
> b. To challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255.

ECF No. 6, at 4, ¶ 11.  Paragraph 11 of the plea agreement further provided that:

> Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

Id.  Such a waiver of rights has been upheld as enforceable.

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (quoting United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991)), the Fourth Circuit held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" The Fourth Circuit further wrote that whether a waiver is knowing and intelligent, "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). However, the Fourth Circuit found that even with a

waiver-of-appeals-rights provision, a defendant may obtain appellate review on certain limited grounds. Id. at 732. The Court recognized that a defendant, "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. quoting U.S. v. Marin, 961 F.2d 493 (4th Cir. 1992). Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations." Id.

    The Fourth Circuit has also held there is, "no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." United States v. Lemaster, 403 F.3d 216, n. 2 (4th Cir. 2012). Therefore, a waiver of the right to collaterally attack a sentence is valid as long as the waiver is knowing and voluntary. Id. When reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, a court must first determine whether there is valid waiver which:

> [D]epends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver—the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

15

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).[7] Thus, if a reviewing court finds that the waiver of rights was valid, any collateral attack including an ineffective assistance of counsel claim related to the plea agreement, is barred by the waiver, provided that a plaintiff may still pursue a collateral attack or appeal related to imposition of an illegal sentence or plea proceedings conducted in violation of the Constitution.

Petitioner's plea entry was conducted by the undersigned at a hearing on November 30, 2015. ECF Nos. 10, 41. The Court conducted a colloquy with Petitioner regarding his waiver of various rights under the plea agreement, including his waiver of appellate rights:

> THE COURT: Mr. Sanders, do you understand that in your plea agreement, you have agreed to give up your right to appeal your sentence under many circumstances?
> THE DEFENDANT: Yes.
> THE COURT: Mr. Sanders, everyone found guilty of a crime in federal court in this district has the right to appeal the conviction and sentence to the Fourth Circuit Court of Appeals in Richmond, Virginia. In Richmond a three-judge panel reviews the conviction and sentence to see if it was done correctly.
> Do you understand that under the terms of Paragraph 11A of the plea agreement, you're giving up, or waiving, the right to appeal any order, the conviction and the sentence or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 United States Code § 3742?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand you only have the right to appeal your guilty plea if you believe it was unlawful or involuntary, or that there was some other fundamental defect in the proceedings that was not waived in your plea agreement?
> THE DEFENDANT: Yes.
> THE COURT: However, you agree that your guilty plea

---

[7] The unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) suggests that when a court conducted a thorough Rule 11 colloquy and the defendant specifically mentioned he waived the right to appeal any sentence below the statutory maximum, the record thereby established that defendant made a knowing and voluntary waiver of rights.

16

>today is lawful and voluntary, and there have been no fundamental defects in the proceedings that you are aware of; Is that correct?
>THE DEFENDANT: Yes, sir.
>THE COURT: Do you understand everyone has the right to challenge the conviction or the sentence, or the manner in which it was determined, in a postconviction proceeding, sometimes called a habeas corpus petition, or collateral attack under Title 28 United States Code § 2255?
>THE DEFENDANT: Yes.
>THE COURT: Do you understand that under the terms of Paragraph 11B of the plea agreement, you have waived your right to challenge the conviction or manner in which it was determined, and any post-conviction proceeding, including any proceeding under Title 28 United States Code § 2255?
>THE DEFENDANT: Yes.
>THE COURT: Do you understand that your only legal remedies on appeal or collateral attack are for claims of ineffective assistance of counsel or for prosecutorial misconduct?
>THE DEFENDANT: Yes.
>THE COURT: However, you agree there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct; is that correct, sir?
>THE DEFENDANT: Yes, sir.
>THE COURT: Have you discussed the waiver of these important appellate rights with [your lawyer]?
>THE DEFENDANT: Yes.
>THE COURT: Having done so, do you still wish to waive all these rights?
>THE DEFENDANT: Yes.
>THE COURT: [Defense counsel], do you believe that Mr. Sanders fully understands the importance of the rights he is waiving?
>[DEFENSE COUNSEL]: Yes, sir, I do.

ECF No. 41 at 34:1 – 36:11. The Court concluded that discussion finding that, "Mr. Sanders is fully competent and capable of entering into an informed plea. . . that Mr. Sanders understands the nature of the charge and the consequences of a guilty plea to the charge . . . [and] that Mr. Sanders understands the constitutional and other legal rights he is giving up because of the plea. And I find that Mr. Sanders' plea is voluntary." Id. at 41:17 – 24. Because Petitioner voluntarily and knowingly waived his right to collaterally

attack his conviction, his motion to vacate should be denied based on that waiver.

### 2. Counsel Effectively Assisted Petitioner

Despite waiving his rights to collaterally attack his conviction, Petitioner may challenge his conviction on the grounds of ineffective assistance of counsel. However, as discussed more fully in section IV.A. herein, Petitioner is unable to meet the two-prong Strickland test for ineffective assistance of counsel as to either of the claims he has raised in his motion to vacate under § 2255. Accordingly, because Petitioner cannot meet the two part test articulated in Strickland, this Court finds that he is unable to demonstrate he was denied effective assistance of counsel and his motion to vacate should be denied.

### V. RECOMMENDATION

Based on the foregoing, this Court recommends that the Petitioner's § 2255 motion to vacate [ECF No. 23 in 3:15-CR-49; ECF No. 1 in 3:17-CV-72] be **DENIED.**

It is further RECOMMENDED that 3:15-CR-49 and 3:17-CV-72 be **DISMISSED WITH PREJUDICE** and retired from the docket of this Court.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. Failure to timely file objections to

the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 23, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE